UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61217-BLOOM/Valle

CHRIS JOHN CHRISTENSON,

    Plaintiff,

v.

CITY OF HOLLYWOOD, FLORIDA, *et al.*,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant City of Hollywood's (the "City") Motion to Dismiss, ECF No. [20] ("Motion"), which seeks to dismissal with prejudice of counts in Plaintiff Chris John Christenson's ("Plaintiff" or "Christenson") Complaint, ECF No. [1] ("Complaint" or "Compl."), pursuant to Fed. R. Civ. P. 12(b)(6). The Court has carefully reviewed the Motions, all supporting and opposing submissions, the record, and applicable law. For the reasons set forth below, the Motion is granted in part.

**I. Background**

This controversy arises from events that occurred on July 23, 2012. Christenson alleges that officers from the City's police department ("Department") mistakenly responded to his apartment following a 9-1-1 call by another resident in his building, that the officers were aggressive, and it was not the first time the Department had responded erroneously to his apartment following a 9-1-1 call. Christenson claims that once before, a little over a month before the incident in question, the Broward Sherriff's Office received a 9-1-1 telephone call from a caller at 3001 S. Ocean Drive, Apt. 329 in Hollywood, Florida, to which the Department

responded. Compl. ¶¶ 12, 16. Following some confusion with respect to the correct address, the Department dispatched an officer who went to Christenson's apartment, number 309, instead of apartment 329. *Id*. ¶¶ 15-22. After the responding officer determined that he was at the wrong apartment, Christenson apparently spoke to officials at the Department to ensure that the same mistake would not be made in the future. *Id*. ¶¶ 23-24.

However, on July 23, 2012, the Department received another 9-1-1 call from a caller who identified herself as a resident of apartment 329. *Id*. ¶¶ 25-29. In response, the Department dispatched four officers, Steven Diefenbacher, John Lorenzo, Sergeant G. Lopez, and Eric Sicre (together, the "Defendant Officers"), who went to Christenson's apartment instead of apartment 329. *Id*. ¶¶ 30-31. The Defendant Officers apparently awoke Plaintiff by pounding on his door, and when he went to open it, they slammed it open, striking Plaintiff in the torso and his right side. *Id*. ¶¶ 32-33. They entered Plaintiff's apartment pointing their guns and detained Plaintiff. *Id*. ¶ 34. When Plaintiff tried to explain that they were in the wrong apartment, the Defendant Officers allegedly told him to "shut up" and threatened to taser him. *Id*. ¶¶ 36-37. The Defendant Officers then proceeded to search Plaintiff's apartment without his consent, and they found guns in a drawer, which Plaintiff lawfully owns. *Id*. ¶¶ 38-39, 44. Thereafter, the Defendant Officers allegedly pointed their guns at Plaintiff's head, and ignored his attempts to explain that they were in the wrong apartment. *Id*. ¶¶ 41, 44. The Defendant Officers continued to detain Plaintiff for at least fifteen minutes and "treated him hostilely and rudely throughout the entire time. They left without even a scintilla of a hint of apology." *Id*. ¶¶ 45.

Christenson alleges that the Defendant Officers are employees of the City and were acting within the scope of their employment when the alleged incident occurred. *Id*. ¶ 48.

Accordingly, Plaintiff asserts the following seven counts for relief against the City:[1] 1) false arrest/false imprisonment; 2) trespass; 3) invasion of privacy; 4) negligent infliction of emotional distress; 5) negligence; 6) battery; and 7) assault. The City seeks dismissal of all claims asserted against it, arguing that Plaintiff fails to state claims for which relief may be granted.

**II. Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint

---

[1] Plaintiff also asserts three counts for relief against the Defendant Officers. *See* Compl. Counts 8-10. The Defendant Officers have filed an answer and affirmative defenses, ECF No. [24].

and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).  In the Rule 12(b)(6) context, a plaintiff's pleadings should be read as a whole.  *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1383 (11th Cir. 2010) (interpreting specific language in complaint within the context of the entire complaint); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (stating that, in a Rule 12(b)(6) context, "[w]e read the complaint as a whole").  But pleadings that "are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").  Through this lens, the Court addresses the instant Motion.

**III. Discussion**

The City seeks dismissal of Counts 1, 3, 4, 6, and 7 because the Complaint alleges conflicting theories of liability, which are not pled in the alternative.  The City also seeks dismissal of the trespass claim in Count 2 because Plaintiff fails to allege an injury to his property.  Furthermore, the City argues that Plaintiff fails to state a claim for negligent infliction of emotional distress in Count 4 because he fails to allege a "discernable physical injury due to his emotional trauma."  Motion at 8.  Finally, the City seeks dismissal of the negligence claim in

Count 5 based on the argument that the City did not owe Plaintiff a duty as an individual, absent allegations of a special relationship. *Id*. at 10. The Court considers each argument in turn.

### A. Conflicting Theories of Liability

The City's principal argument for dismissal of Counts 1, 3, 4, 6, and 7 of the Complaint is that the same intentional conduct forms the basis of Plaintiff's intentional tort claims (false arrest/false imprisonment, invasion of privacy, battery, and assault) and Plaintiff's claim for negligent infliction of emotional distress. As the claims are not pled in the alternative, they therefore fail to state viable claims. Plaintiff responds that he is permitted to plead claims inconsistently, and that the claims are properly pled in the alternative. ECF No. [25] ("Response" or "Resp.") at 2-4.

Although Plaintiff is correct that Rule 8 of the Federal Rules of Civil Procedure permits pleading alternative, hypothetical or even inconsistent claims, "courts have noted the frequency with which § 768.28 plaintiffs resort to pleading 'mutually exclusive' claims in the alternative against both a government entity (for negligence) and a [sic] individual employee (for malicious bad faith conduct)." *Terry v. Rodriguez*, No. 09-23726, 2010 WL 2342382, at *2 (S.D. Fla. June 4, 2010). At the same time, "courts have also recognized the limits to a plaintiff's ability to advance 'alternative' theories in § 768.28 cases where the factual allegations can only suggest malice or bad faith on the part of the individual defendant." *Id*. "While no specific words or formulae are required to plead in the alternative, plaintiffs must use a formulation from which it can be reasonably inferred that they are pleading in the alternative." *Gregory v. Miami-Dade Cnty.*, 86 F. Supp. 3d 1333, 1337 (S.D. Fla. 2014) (internal quotations and citations omitted). Even though Plaintiff alleges that the Defendant Officers were acting in the course and scope of their employment for the City, the Complaint also alleges in the individual counts against the

Defendant Officers that they acted with "malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress . . . and . . . with a reckless or callous indifference to PLAINTIFF's federally protected rights." Compl. ¶¶ 77, 85; *see also* Compl. ¶ 81 (alleging "intentional or reckless infliction of mental suffering."). Moreover, Plaintiff incorporates the same general factual allegations regarding the Defendant Officers' behavior into every count of the Complaint, including those asserted against the City. As a result, the Court cannot reasonably infer that Plaintiff intends to plead in the alternative against the City. *See Gregory*, 86 F. Supp. 3d at 1337 (finding that the court could not reasonably infer pleading in the alternative, when general factual allegations regarding individual officer's behavior were incorporated into claims against the county).

Therefore, Counts 1, 3, 4, 6 and 7 of the Complaint are dismissed.[2]

### B. Trespass

Plaintiff agrees with the City that the trespass claim should be dismissed without prejudice. Therefore, Count 2 of the Complaint is dismissed.

### C. Negligence

The City argues that Count 5 of the Complaint asserting negligence against the City should be dismissed because Plaintiff fails to allege a duty owed by the City to Plaintiff for which the City may be held liable. In general, "[a] law enforcement officer's duty to protect the citizens is a general duty owed to the public as a whole." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (quoting *Everton v. Willard*, 468 So. 2d 936, 938 (Fla. 1985)).

---

[2] In its Motion, the City also separately challenges Count 4 of the Complaint, but ultimately concedes in its reply, ECF No. [27] ("Reply" or "Rep."), that Plaintiff states a claim for negligent infliction of emotional distress based upon the allegations in paragraph 33 regarding impact of the door, and subsequent clarification by Plaintiff in his Response. Rep. at n.2. Because Count 4 is already dismissed, the Court does not consider the City's additional grounds for dismissal.

In its Motion, the City argues that the duty alleged in the Complaint is one such duty—owed to the public at large—with respect to actions related to the emergency call and dispatch system.

Specifically, the Complaint alleges a "negligent failure of the CITY to create and maintain a system to correctly dispatch its officers or [] the negligent failure of its officers who were dispatched to correctly follow the instructions and information provided by dispatch which included the correct address for the location at which to conduct a criminal investigation." Compl. ¶ 64. The Complaint further alleges that the "CITY had a duty and responsibility to ensure that individuals do not suffer the harm alleged due [to] its failure by directing, sending, causing or otherwise permitting its police officers to go to incorrect addresses." *Id*. ¶ 66. Reading the allegations in the Complaint in the light most favorable to Plaintiff, the duties alleged with respect to the City are, 1) to create and maintain a dispatch system that correctly dispatches its officers; and, 2) to ensure that individuals do not suffer harm from the City's failure to maintain or create such a system.

"The operation of a 911 emergency call system is part of the law enforcement and protection of public safety service provided by a sheriffs' office and therefore constitutes a Category II function." *Pierre v. Jenne*, 795 So. 2d 1062, 1063 (4th DCA 2001) (citing *Laskey v. Martin Cnty. Sheriff's Dep't*, 708 So.2d 1013 (4th DCA 1998) and *Trianon Park Condo. Ass'n v. City of Hialeah*, 468 So. 2d 912 (Fla.1985)). "Liability may be imposed only where a special relationship exists between the government actor and the tort victim." *Id.* (internal citations omitted). Plaintiff attempts to clarify in his Response that in this case, "the officers failed to correctly follow the instructions and information provided by dispatch which included the correct address and instead went to plaintiff's apartment where they entered without permission. . . . This action of the police to negligently go to the wrong address and enter it without permission is

NOT a Category II [public safety] function," but an operational function for which the City has waived sovereign immunity. Resp. at 9. However, the plain allegations in the Complaint support a reading that sets forth a duty only with respect to the creation or maintenance of the dispatch system, for which the City would only be liable where Plaintiff alleges a special relationship with the City. *See Pierre*, 795 So. 2d at 1063. Therefore, Count 5 of the Complaint also fails to state a valid claim against the City and is dismissed.

### IV. Conclusion

The City requests that the Court dismiss the Complaint with prejudice. However, "[a] district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (citing *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss, **ECF Nos. [20]**, is **GRANTED IN PART**.
2. Counts 1-7 are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff shall have the opportunity to amend the claims asserted against the City.
3. Plaintiff shall file an Amended Complaint **no later than October 14, 2016**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of October, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record